UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

PAMELA HARRIS and LAMONT HARRIS,

                            Plaintiffs,

          -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, P.O. "JANE DOE" and "JOHN DOE,

                            Defendants.

------------------------------------------------------------------ x

**ANSWER**

07 CV 4792 (MGC)

JURY TRIAL DEMANDED

      Defendants City of New York and New York City Police Department, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

      1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

      2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

      3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

      4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

      5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

      6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Defendants state that the allegations contained in paragraph "8" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

9. Defendants state that the allegations contained in paragraph "9" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and maintains a police department.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except that documents purporting to be Notices of Claim were received by the New York City Comptroller's Office on or about October 17, 2006, and this claim has not yet been settled.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiffs filed the instant action on or about June 5, 2007.

29. In response to paragraph "29" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "28" as though fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to paragraph "34" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "33" as though fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to paragraph "40" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "39" as though fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to paragraph "43" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "42" as though fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to paragraph "53" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "52" as though fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to paragraph "58" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "57" as though fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to paragraph "64" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "63" as though fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Defendants state that the allegations contained in paragraph "67" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

68. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

69. Defendants have not violated any rights, privileges or immunities under

the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendants City of New York or the New York City Police Department.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

72. The New York City Police Department is not a suable entity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

73. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

74. There was probable cause for the plaintiffs' arrests, detentions and prosecutions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

75. Plaintiffs cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

76. Plaintiffs' claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

77. Plaintiffs have failed to comply with the conditions precedent to suit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

78. Plaintiffs have failed to comply with New York General Municipal Law §§ 50-(e) and (i).

**WHEREFORE,** defendants City of New York and the New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          September 10, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendants City of New York and the
        New York City Police Department
        100 Church Street, Room 3-208
        New York, New York 10007
        (212) 788-1895

By: _____
    Jessica T. Cohen (JC 0044)
    Assistant Corporation Counsel

To:   Nkereuwem Umoh, Esq.
      Attorney for Plaintiffs
      255 Livingston Street, 4th Floor
      Brooklyn, New York 11217 (ECF)

Docket No. 07 CV 4792 (MGC)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| PAMELA HARRIS and LAMONT HARRIS,<br><br>            Plaintiffs,<br><br>       -against-<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, P.O. "JANE DOE" and "JOHN DOE,<br><br>            Defendants. |
| **ANSWER** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York and the New York City Police Department*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Jessica T. Cohen*<br>*Tel: (212) 788-1895*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................., 2007*<br><br>*................................................................ Esq.*<br><br>*Attorney for ...................................................* |