UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

PAMELA HARRIS and LAMONT HARRIS,

                     Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. JOSEPH FILLS,
SHIELD # 01393,

                     Defendants.

---------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT**

07 CV 4792 (MGC)

JURY TRIAL DEMANDED

Defendant City of New York[1], by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

---

[1] Upon information and belief, Police Officer Joseph Fills has not yet been served with process in this action. Additionally, plaintiff has withdrawn the New York City Police Department as a defendant from the caption of the amended complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Defendant states that the allegations contained in paragraph "8" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation incorporated under the laws of the State of New York, and maintains a police department.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiffs were arrested on September 16, 2006.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff Pamela Harris was taken to Bellevue Hospital.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint, except that documents purporting to be Notices of Claim were received by the New York City Comptroller's Office on or about October 17, 2006, and that this claim has not yet been settled.

29. Denies the allegations set forth in paragraph "29" of the complaint, except admits that plaintiffs filed the instant action on or about June 5, 2007.

30. In response to paragraph "30" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "29" as though fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to paragraph "35" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "34" as though fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to paragraph "41" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "40" as though fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to paragraph "44" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "43" as though fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. In response to paragraph "54" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "53" as though fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. In response to paragraph "59" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "58" as though fully set forth herein.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. In response to paragraph "65" of the complaint, defendant repeats and re-alleges its response to the allegations set forth in paragraphs "1" through "64" as though fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Defendant states that the allegations contained in paragraph "68" of the complaint are conclusions of law rather than averment of fact and accordingly, no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

68. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

69. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

70. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

71. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendant City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

72. Plaintiffs may have failed to comply with the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

73. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

74. There was probable cause for the plaintiffs' arrests, detentions and

prosecutions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

75. Plaintiffs cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

76. Plaintiffs' claims may be barred in part by the applicable statute of limitations.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         December 26, 2007

>                   MICHAEL A. CARDOZO
>                   Corporation Counsel of the
>                     City of New York
>                   Attorney for Defendants City of New York and the
>                   New York City Police Department
>                   100 Church Street, Room 3-208
>                   New York, New York 10007
>                   (212) 788-1895
>
>              By:  _____
>                   Jessica T. Cohen (JC 0044)
>                   Assistant Corporation Counsel

To:   Nkereuwem Umoh, Esq. (by ECF)
      Attorney for Plaintiffs

Docket No. 07 CV 4792 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAMELA HARRIS and LAMONT HARRIS,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. JOSEPH FILLS, SHIELD # 01393,

                              Defendants.

## ANSWER TO AMENDED COMPLAINT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and the*
*New York City Police Department*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jessica T. Cohen*
*Tel: (212) 788-1895*
*NYCLIS No.*

Due and timely service is hereby admitted.

New York, N.Y. ..........................................,2007

.................................................................... Esq.

Attorney for ....................................................